IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRENT M. LAWSON, ID # 30508-044, )<br>     Petitioner, )<br>vs. )<br>)<br>DAVID BERKEBILE, )<br>     Respondent. ) | No. 3:08-CV-1285-M (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, a federal prisoner currently incarcerated in Seagoville, Texas,[1] filed the instant action pursuant to 28 U.S.C. § 2241. He asserts claims under the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, and the Privacy Act, 5 U.S.C. § 522a, *et seq.* so as to challenge a denial of approval for early release in accordance with 28 U.S.C. § 3621(e). The respondent is David Berkebile, Warden of the Seagoville facility.

**B. Procedural History[2]**

Petitioner is serving a sixty-month federal sentence on child pornography charges. In a prior § 2241 action (Cause No. 07-CV-1516-G), he previously unsuccessfully challenged the denial of

---

[1] Seagoville is located in Dallas County, Texas, which is within the territorial confines of this judicial district, *see* 28 U.S.C. § 124(a)(1).

[2] The procedural background is taken from petitioner's filings in this action and his prior § 2241 petition in Cause No. 07-CV-1516-G.

approval for early release. That unsuccessful challenge is currently on appeal. In his appellate brief, petitioner raised the same two claims asserted in the instant petition; the government responded that petitioner had not raised the two claims in his habeas petition. Petitioner subsequently filed this new habeas action asserting that respondent (1) violated the APA by not properly promulgating a rule that it used to disqualify him from a one-year sentence reduction under § 3621(e) and (2) violated the Privacy Act by generating inaccurate, inflammatory, and irrelevant information in his prison file that was relied upon to make an adverse decision to deny him appropriate community reentry and deny incentives under the Residential Drug Abuse Treatment Program at FCI Seagoville.

## II. RELIEF UNDER 28 U.S.C. § 2241

Section 2241(a) provides district courts the power to grant a writ of habeas corpus. A petitioner is entitled to a writ of habeas corpus under § 2241 only to remedy his or her restraint of liberty in violation of the constitution, treaties, or laws of the United States, however. *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952). As found in petitioner's prior habeas action, petitioner has no liberty interest in obtaining early release under § 3621(e) for completion of the prison drug treatment program. *See, e.g.*, *Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007). Consequently, regardless of how petitioner characterizes his claims, he presents no proper claim under § 2241 to remedy any restraint of his liberty.[3] When "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court", the Court must dismiss the petition. *Cf.* Rule 4 of the Rules Governing Section 2254 Cases in the United States

---

[3] The Court notes that petitioner specifically relies on two statutes, the APA and Privacy Act, that typically provide a basis for a non-habeas, civil action in federal court. Petitioner chosen to pursue those claims in a habeas action that is not subject to the Prison Litigation Reform Act and its relevant requirements, such as payment of the full $350 filing fee. Petitioner here has paid only the $5 filing fee associated with habeas actions. Because of the substantial differences between habeas and non-habeas cases, this Court will not construe this habeas action as a non-habeas civil action.

District Courts (hereinafter Habeas Rules).[4]  Accordingly, the instant petition should be dismissed.

### III.  ABUSE OF THE WRIT

Because petitioner previously challenged the denial of early release, the instant motion is also subject to dismissal as an abuse of the writ.  *See* 28 U.S.C. § 2244(a); *Davidson v. United States Dep't of Justice*, 239 F.3d 366, 2000 WL 1741633, at *1 (5th Cir. Nov. 15, 2000) (Table, Text on Westlaw) (recognizing that § 2244(a) applies to § 2241 habeas petitions).  The Court may raise the abuse-of-the-writ issue *sua sponte*.  *See, e.g., Barnard v. Collins*, 13 F.3d 871, 875 (5th Cir. 1994).

Under the abuse-of-the-writ doctrine, "a second or successive petition in which new grounds for relief are alleged may be dismissed if the petitioner's 'reasonable and diligent investigation' would have resulted in his presenting these grounds in a previous habeas petition."  *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).  To escape dismissal of an abusive writ, the petitioner must show (1) cause for failing to raise his new claims in his prior petition and prejudice from the asserted errors or (2) that a fundamental miscarriage of justice will result from the failure to hear his new claims.  *McCleskey*, 499 U.S. at 494-95; *Davidson*, 2000 WL 1741633, at *1.

Petitioner in this case has shown no cause for not presenting his current claims in his prior habeas petition.  Furthermore, because petitioner has no liberty interest in early release, he has shown no prejudice from the asserted errors.  No fundamental miscarriage of justice will result if the Court does not hear petitioner's new claims, because to show a miscarriage of justice, the petitioner must show that he is actually innocent of the crime of conviction.  *Montoya v. Collins*, 988 F.2d 11, 13 (5th Cir. 1993).  Nothing in the filings in this action suggest that petitioner is actually innocent

---

[4]  The Court "may apply any or all" of the Habeas Rules to § 2241 habeas petitions.  *See* Habeas Rule 1(b).  This Court generally applies the Habeas Rules to § 2241 petitions, and this case presents no reason to not apply them here.

of the child pornography offenses for which he was convicted. For all of these reasons, the instant petition is subject to dismissal as an abuse of the writ.

In addition, Habeas Rule 9 provides that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Petitioner has not obtained such an order from the Fifth Circuit Court of Appeals. Such failure provides an additional reason to dismiss the instant petition.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the instant petition filed pursuant to 28 U.S.C. § 2241.

**SIGNED this 1st day of August, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE