IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT M. LAWSON, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:08-CV-1285-M (BH) |
| | ) | ECF |
| DAVID BERKEBILE, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

**SUPPLEMENTAL
FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order Remanding Case for further Consideration dated October 8, 2008, subject cause has been referred to the United States Magistrate Judge. The Magistrate Judge hereby supplements her prior findings, conclusions, and recommendation as follows:

**I. BACKGROUND**

Petitioner, a former federal prisoner, filed this action to assert claims under the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, and the Privacy Act, 5 U.S.C. § 522a, *et seq.* so as to challenge a denial of approval for early release in accordance with 28 U.S.C. § 3621(e). He contends that he filed these claims in this action because in a prior action (Cause No. 3:07-CV-1516-G), respondent alleged that petitioner had not raised these claims. (*See* Pet. at 2.) In the original recommendation in this case, the Court recognized petitioner's prior unsuccessful challenge, noted that he presented no proper claim under § 2241, and recommended that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and as an abuse of the writ.

Petitioner objected to the recommendation of summary dismissal, and the Court accepted

the recommendation and entered judgment on August 20, 2008. (*See* Petr.'s Objections received Aug. 12, 2008, [hereinafter Obj'ns].) Petitioner filed another set of objections on that same date (*See* Petr.'s Verified Specific Objections received Aug. 20, 2008, [hereinafter Verified Obj'ns]). On October 8, 2008, the Court set aside the judgment and remanded the case for consideration of petitioner's objections. On October 30, 2008, the remand order mailed to petitioner was returned as undeliverable because petitioner had been released from federal custody.

## II. JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action whenever the court lacks jurisdiction over the subject matter.

In this case, petitioner was challenging a denial of approval for early release. He has now been released from federal custody. His release renders this action moot. Because there is no longer any live issue to resolve through the instant action, the Court should now dismiss the action for lack of jurisdiction.[1]

---

[1] The Court notes that despite his litany of objections, petitioner provided no legitimate basis to modify or reject the original recommendation in this action. Even though he brought this second action specifically because respondent in his prior action alleged that he raised them for the first time on appeal in that action, (*see* Pet. at 2), he now vehemently contends that he brought the claims in the prior action, (*see* Obj'ns at 3, 14-15). Such contention actually provides additional support for finding that the instant petition constitutes an abuse of the writ. *See Wooderts v. Warden FCI*

2

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the instant petition filed pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

**SIGNED this 18th day of November, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

*Seagoville*, No. 3:07-CV-0335-D, 2008 WL 245286, at *2 (N.D. Tex. Jan. 29, 2008) (adopting recommendation of Mag. J. finding that a second § 2241 petition which raises the same issues as a prior petition is an abuse of the writ).

    Petitioner also objects that the Court will not construe his current petition as a separate, non-habeas civil action. (*See* Obj'ns at 11.) The original recommendation stated adequate reasons for not doing so. Because the recommended dismissal of the § 2241 petition does not impact petitioner's ability to pursue a separate civil action, he is not prejudiced by the refusal to construe his § 2241 action as a non-habeas civil action.